UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL BROWN, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN ATCHLEY, et al.,<br><br>　　　　　Defendants. | Case No. 21-06929 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Warden and food staff at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Plaintiff has filed a motion for leave to proceed in forma pauperis which will be addressed in a separate order. Dkt. No. 4.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. **Plaintiff's Claims**

Plaintiff claims that on or about June 19, 2019, he was given a meal which he began to eat before he noticed it was spoilt and contained white bugs. Dkt. No. 1 at 3. When he showed the supervisors Tony Guerro, Matt Alvarez, Jesus Parra, and Isiah Stapleton, they notified Ms. Stevens, the Director of Nurses, who documented the incident and took pictures and a video of the contaminated food tray. Id. Plaintiff claims that he later experienced vomiting, diarrhea, stomach cramps, and pain. Id. Plaintiff alleges Defendant Holush (supervisory cook #1), Defendant Montez (supervisory cook #11), and Defendant Conway (food manager) should have inspected the food before serving it to inmates, but that they were negligent in failing to do so. Id. at 4. Plaintiff alleges that Warden Atchley became aware of the alleged misconduct through the appeals process and failed to respond to the evidence of misconduct by subordinates which constitutes deliberate indifference. Id. Lastly, Plaintiff claims that after he initiated the appeals process, prison officials deliberately and willfully circumvented his due process rights to assert his protected constitutional rights of appeal. Id.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).

The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

Plaintiff's allegations, even if true, fail to state a cognizable Eighth Amendment claim. With respect to the first prong, it cannot be said that this single incident of a contaminated meal amounts to an objectively serious deprivation. Furthermore, Plaintiff fails to satisfy the second prong because neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-37 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. Plaintiff that Defendants Holush, Montez, and Conway were negligent in failing to inspect the food before serving it, not that they intentionally served him a contaminated meal knowing it would make him sick. See supra at 2. With regard to Warden Atchley, Plaintiff's allegations indicate he only became aware of the incident after the fact, not prior to, and therefore, it cannot be said that he was involved in the underlying incident.

Lastly, Plaintiff's due process claim is contradicted by the attached papers to the complaint. Plaintiff provided a copy of grievance Log No. SVSP-19-3726, filed on July

3

12, 2019, regarding the June 19, 2019, contaminated meal incident. Dkt. No. 1 at 8, 10. The appeal was returned on July 16, 2019, for Plaintiff to remove continuation pages that are not allowed. Id. at 12. Thereafter, Plaintiff's appeal proceeded to the second level response, which granted the appeal on August 17, 2019, in that Plaintiff's request "for a full meal that is not tainted and/or rotten and unfit to eat" would be provided to him and all other inmates. Id. at 6-7. Plaintiff was advised that he may submit the matter to the Third Level of Review if he desired. Id. at 7. Apparently, he decided not to proceed as he indicates "N/A" on the complaint with regard the exhaustion of administrative remedies. Id. at 2. These documents indicate that Plaintiff's due process rights were not "deliberately and willfully circumvented" as he claims. See supra at 2.

A pro se complaint must be liberally construed and "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotation marks omitted). Such is the case here, where Plaintiff's allegations amount to nothing more than negligence and his supporting papers contradict his assertions. Accordingly, this matter must be dismissed for failure to state a claim. Plaintiff may pursue his negligence claim in state court if he wishes.

## CONCLUSION

For the foregoing reasons, the action is **DISMISSED** for failure to state a claim for relief. The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**
Dated: January 28, 2022

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.21\06929Brown_dism(ftsac)